IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| HARRY J. MALONE and ) | |
| BONNIE K. MALONE, ) | |
| ) | CASE NO. BK07-40964-TJM |
| Debtor(s). ) | A10-4088-TJM |
| SL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| HARRY J. MALONE, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the debtor-defendant's motion for summary judgment (Fil. No. 11) and resistance by the plaintiff (Fil. No. 16). John A. Lentz represents the debtor, and Terry K. Barber represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

SL Corporation ("SL"), the plaintiff, is an unsecured creditor of the debtor Harry Malone. The debtors filed a Chapter 13 bankruptcy petition in May 2007, but converted the case to a Chapter 7 in May 2010 after they were unable to obtain confirmation of a plan. SL filed this adversary proceeding in October 2010, alleging Mr. Malone should be denied a discharge under 11 U.S.C. § 727(a)(2)(B) and (a)(5) for concealing property of the estate and failing to adequately explain losses or deficiencies of assets.

Specifically, SL alleges Mr. Malone failed to disclose his legal claim for wrongful termination and an award of compensation on that claim. Mr. Malone lost his job with the State of Nebraska during the pendency of his Chapter 13 case. His termination was reversed and he was awarded back pay and benefits. That personnel board decision was affirmed by the District Court of Lancaster County, Nebraska, in June 2010, a few weeks after the debtors converted their bankruptcy case to Chapter 7. SL believes the debtor should have disclosed the claim and compensation award as assets of the estate, to be administered by the bankruptcy trustee, and that the debtor's failure to do so warrants a denial of discharge.

Mr. Malone has moved for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The following facts are uncontroverted:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) . Venue is proper under 28 U.S.C. § 1409(a). Plaintiff is objecting to the debtor's discharge, which is an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(4). This court has jurisdiction of this adversary proceeding under 11 U.S.C. § 727 and 28 U.S.C. § 1334.

2. Defendant, Harry J. Malone, is a debtor herein.

3. SL is an unsecured creditor of the debtor, with a claim in excess of $14,000.00 for rent and utilities.

4. The debtor and his wife filed a petition for relief under Chapter 13 on May 21, 2007.

5. On Schedule I, Mr. Malone listed gross monthly income of $3,000.00 from his employment with the State of Nebraska, and $1,275.00 income from real property. Fil. No. 1.

6. The debtors' Schedules I and J listed negative monthly net income of $-1,721.00.

7. The debtors' Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income demonstrated negative monthly disposable income of $-5,082.39.

8. The debtors amended Schedules I and J on October 11, 2007, continuing to list Mr. Malone's $3,000.00 in gross wages from the State, but deleting the income from real property and stating: "Debtor, Harry Malone, is a realtor [sic] and anticipates earning enough to cover the amount necessary to fund a plan." Fil. No. 36.

9. The debtors' amended Schedules I and J listed negative monthly net income of $-592.00.

10. The debtors amended their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income to indicate that their annualized current monthly income was less than the applicable median family income. Fil. No. 37.

11. The debtors again amended Schedules I and J on January 19, 2009, listing Mr. Malone's occupation as a Realtor with Woods Brothers Realty in Lincoln, with monthly gross income of

$5,302.00. The amended Schedule I also contained the following notation: "Harry Malone was released from employment September 19th 2008 with the Lincoln Regional Center. Due to loss of employment there has been a significant reduction in income and increase in health insurance payments."

12. The amended Schedules I and J showed a monthly net income of $34.17. Fil No. 111.

13. At the same time, the debtors amended their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income to show negative monthly disposable income of $-753.86. Fil. No. 112.

14. Mr. Malone immediately grieved the termination of his employment. After hearings in August, September, and October 2009, the Nebraska State Personnel Board ordered him reinstated and awarded him back pay and benefits. The State appealed that order to the District Court of Lancaster County.

15. Over the course of their case, the debtors proposed five Chapter 13 plans that were denied confirmation for insufficient funding.

16. The debtors' Fourth Amended Plan was confirmed on March 5, 2009. The confirmation order included the requirement that the debtors provide SL Corporation with income information on an annual basis during the term of the plan.

17. The debtors' motion to convert the case to Chapter 7 was granted on May 10, 2010.

18. On June 17, 2010, the Lancaster County District Court affirmed the Personnel Board's decision to reinstate Mr. Malone, award him back pay and benefits, and expunge his personnel record of all matters relating to the disciplinary proceeding against him.

19. SL filed this adversary proceeding on October 18, 2010.

20. The Chapter 7 trustee filed a report of no distribution on December 15, 2010.

SL contends that Mr. Malone did not appropriately disclose the existence of his lawsuit and subsequent award of damages. SL argues he should be denied a discharge because he failed to explain a loss of assets (his income) and because he concealed assets (the lawsuit and damages award).

Mr. Malone asserts he was under no obligation to disclose those assets, and he argues that creditors suffered no harm from the non-disclosure because he did not amend his schedules to reflect his loss of income, so he was committing more income to the plan than was required under the circumstances. In other words, he believes the original statement of his income, in essence, accounted for the value of the lawsuit because one asset simply replaced another.

Under the Bankruptcy Code, the lawsuit and damages were property of the Chapter 13 bankruptcy estate. § 1306(a)(1). As explained by the Eighth Circuit Bankruptcy Appellate Panel in a case where a similar claim arose after a Chapter 13 debtor converted her case to Chapter 7:

> An estate was created when the Debtor filed her Chapter 13 petition on June 21, 2002. 11 U.S.C. § 541(a). The estate consisted of all property of the Debtor as of that date. As of June 21, 2002, the Debtor was employed by the Appellant and had no claim against it relating to suspension or termination. In a Chapter 13 case, property of the estate also includes additional property which the debtor acquires during the course of the Chapter 13 reorganization. 11 U.S.C. § 1306(a)(1). Accordingly, had the Appellant suspended or terminated the Debtor's employment during the course of her Chapter 13 proceeding, any claim related to such suspension or termination would have become property of her Chapter 13 estate.

Motor Coach Inds., Inc. v. Drewes (In re Rosenberg), 303 B.R. 172, 176 (B.A.P. 8th Cir. 2004).

Unlike Rosenberg, Mr. Malone's claim arose post-petition but pre-conversion. It became an asset of the bankruptcy estate. However, it is not an asset of the Chapter 7 bankruptcy estate, absent bad faith in the conversion. § 348(f)(2). When a case is converted from Chapter 13 to Chapter 7, the property of the estate in the converted case consists of the property of the estate on the petition date remaining in the debtor's possession or control on the conversion date. § 348(f)(1)(A).

When the order was entered to convert this case to Chapter 7, the scope of the property of the estate reverted to what it had been on the original petition date. The property acquired during the Chapter 13 case belongs to the debtor, not to the estate, unless the conversion was done in bad faith. See, e.g., In re Brinkley, 323 B.R. 685, 690-91 (Bankr. W.D. Ark. 2005) (citing Collier on Bankruptcy and legislative history); In re Wegner, 243 B.R. 731, 733 (Bankr. D. Neb. 2000) (stating "property acquired by a debtor after a Chapter 13 case is filed does not constitute property of the successor Chapter 7 estate"); In re Wiczek-Spaulding, 223 B.R. 538 (Bankr. D. Minn. 1998).

Here, SL seems to be suggesting that bad faith is an issue, in that the date of the conversion – shortly before the state court affirmed the decision and award in the termination case – was not coincidental.

"Bad faith" is not defined in the Bankruptcy Code, leaving courts to fashion their own definitions. For purposes of § 348(f)(2), it generally is found in situations where the weight of the evidence indicates the debtor is dishonest, deceptive, or unfairly manipulating the bankruptcy system.

> A court must apply broad standards and general definitions of bad faith to the specific facts of the case to determine if there is fraud, deception, dishonesty, lack of disclosure of financial acts or an abuse of the provisions, purpose or spirit of the Bankruptcy Code. In other words, a court will have to determine if there has been an unfair manipulation of the bankruptcy system to the substantial detriment or

disadvantage of creditors.

In re Siegfried, 219 B.R. 581, 585 (Bankr. D. Colo. 1998).

Bad faith requires some sort of under-handed conduct or intent by the debtor in seeking and obtaining a conversion.. "[S]imply taking advantage of what the [conversion] statute provides does not by itself amount to bad faith." Wiczek-Spaulding, 223 B.R. at 540. The commentators in Collier on Bankruptcy also suggest that a debtor's inability to complete a Chapter 13 plan because of changed circumstances or financial hardship should not constitute bad faith. 3 Collier on Bankruptcy ¶ 348.07[2].

Determining whether bad faith exists is a question of fact. "Any inquiry into a debtor's good faith or bad faith will necessarily be very fact driven." Siegfried, 219 B.R. at 585. SL suggests that Mr. Malone's knowledge of the pending damages award provided an impetus to convert the case and protect the award from creditors. However, the monetary award was hardly a windfall. It simply represented pay and benefits that he would have received had the State not wrongfully terminated his employment. Moreover, the debtors clearly experienced difficulty in proposing and maintaining a feasible plan, which could have led to the decision to convert the case. Nevertheless, the question of bad faith necessitates a factual finding, which precludes entry of summary judgment at this time.

SL's complaint seeks denial of discharge under § 727(a)(5), which denies a debtor a discharge if he or she has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his or her liabilities, and under § 727(a)(2), which denies a debtor a discharge if he or she, with intent to hinder, delay, or defraud a creditor, has transferred, removed, destroyed, mutilated, or concealed property of the estate.

As explained above, the assets at issue are not property of the estate unless bad faith is proven, so the § 727(a) arguments need not be addressed at this juncture.

IT IS ORDERED: The debtor-defendant's motion for summary judgment (Fil. No. 11) is denied.

DATED:    April 21, 2011

BY THE COURT:

 /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *John A. Lentz    Terry K. Barber
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.